UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CASSANDRA PERKINS | CIVIL ACTION |
| VERSUS | NO. 05-1472 |
| ZOLLER LABORATORIES, LLC | SECTION "N"  (5) |

# **O R D E R**

      Before the Court are (1) the Motion to Dismiss Pursuant to Rule 12(b)(6), filed by defendant Zoller Laboratories, LLC, on June 22, 2005.  (Rec. Doc. No. 4); (2) the Rule 60(b) Motion to Set Aside Order of Preliminary Default, filed by defendant Zoller Laboratories, LLC, on June 23, 2005 (Rec. Doc. No. 7); and (3) the Motion for Consolidation Pursuant to Rule 42, filed by plaintiff Cassandra Perkins on July 1, 2005 (Rec. Doc. No. 8).

      Having considered the parties' motions and memoranda in support thereof, the opposition memoranda,[1] the record, and the applicable law, **IT IS ORDERED** that

      (1)    Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) is **GRANTED**. Plaintiff's claims for negligence, fraud, breach of implied warranty, strict liability and her claims under the Louisiana Unfair Trade Practices and Consumer Protection Law, insofar as those claims relate to alleged unreasonably dangerous nature of the product at issue are **DISMISSED WITH**

---

[1] Plaintiff has not filed a memorandum in opposition to the defendant's Motion to Set Aside Order of Preliminary Default.

**PREJUDICE**.  The aforementioned claims are barred by the exclusivity provision of the Louisiana Products Liability Act ("LPLA"), La. Rev. Stat. 9:2800.51, *et seq.*, and the plaintiff does not oppose the dismissal of those claims.  On the other hand, the plaintiff's claims for emotional disturbance, anguish, humiliation, embarrassment and attorney fees arising out of the allegedly malicious institution of a lawsuit against Perkins are not subject to dismissal; as plaintiff correctly states in her opposition, the defendant does not address those claims in its motion to dismiss.

(2)   Defendant's Rule 60(b) Motion to Set Aside Order of Preliminary Default is **GRANTED** for the reasons set forth in the defendant's memorandum in support of its motion, and because plaintiff has not opposed the motion.

(3)   Plaintiff's Motion for Consolidation (Rec. Doc. No. 8) is **DENIED AS MOOT**, in light of the dismissal of Civil Action No. 05-1441.

New Orleans, Louisiana, this  21st  day of July, 2005.

_____
**KURT D. ENGELHARDT**
**United States District Judge**